UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MOZETTE CHINN, | : Case No. 3:18-cv-101 |
| Plaintiff, | : Magistrate Judge Sharon L. Ovington |
| | : (by full consent of the parties) |
| vs. | : |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

## DECISION AND ENTRY

This case is before the Court on the parties' Joint Motion for an Award of Attorney's Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. #16).  Specifically, the parties stipulate and petition this Court under EAJA to enter an order awarding Plaintiff $5,200.00 (five thousand two hundred dollars) in attorney fees and $0.00 in costs.  Prior to Plaintiff filing an EAJA petition, the parties jointly reached a resolution to settle EAJA fees in this case.  Their Stipulation represents a compromise on disputed positions and is not intended to set precedent for, or a representation of, any specific hourly rate or total number of hours.

The award of attorney fees will fully satisfy and settle any and all of Plaintiff's claims for attorney fees, costs, and expenses under 28 U.S.C. § 2412 in this case.  Any fees paid belong to Plaintiff and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States, pursuant to the decision in *Astrue v. Ratliff*, 560 U.S.

586, 130 S.Ct. 2521 (2010).

After the Court enters this award, if counsel for the parties can verify that Plaintiff owes no pre-existing debt subject to offset, Defendant agrees to direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff.

### IT IS THEREFORE ORDERED THAT:

1. The Parties' Joint Motion for an Award of Attorney's Fees under the Equal Access to Justice Act (Doc. #16) is accepted and Defendant shall pay Plaintiff's attorney fees, costs, and expenses in the total amount of $5,200.00;

2. Counsel for the parties shall verify, **within thirty days of this Decision and Entry,** whether or not Plaintiff owes a pre-existing debt to the United States subject to offset. If no such pre-existing debt exists, Defendant shall pay the EAJA award directly to Plaintiff's counsel pursuant to the EAJA assignment signed by Plaintiff; and

3. The case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date: June 11, 2020    *s/Sharon L. Ovington*
　　　　　　　　　　　　　Sharon L. Ovington
　　　　　　　　　　　　　United States Magistrate Judge